UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNWELL QUALITY TOOLS CO., an Ohio corporation,<br><br>                        Plaintiff,<br>  vs.<br><br>SCOTT J. HUNT, an individual,<br><br>                        Defendant. | CASE NO. 11-CV-1617-H (POR)<br><br>**ORDER GRANTING *EX PARTE* APPLICATION FOR IMMEDIATE REGISTRATION OF AMENDED JUDGMENT** |

In this trademark infringement action, the Court granted Plaintiff's motion for default judgment and permanent injunction on November 14, 2011, and awarded Plaintiff its reasonable attorney's fees in the amount of $7,059 plus costs in the amount of $577.75 for the total amount of $7,636.75. (Doc. No. 12.) On November 15, 2011, the Clerk issued a default judgment. (Doc. No. 13.) On December 12, 2011, Plaintiff filed an *ex parte* application to amend the judgment to include the amount of attorney's fees and costs. (Doc. No. 15.) On December 20, 2011, the Court issued an amended judgment. (Doc. No. 16.)

On December 21, 2011, Plaintiff filed an *ex parte* application for immediate registration of amended judgment. (Doc. No. 17.) Plaintiff represents that Plaintiff is unable to register the judgment in Colorado for 30 days pending the appeal time following the entry of the amended judgment unless the Court orders immediate registration of the amended judgment under 28 U.S.C. § 1963. (Id. at 2.)

Under Federal Rule of Civil Procedure 62(a), a judgment of a United States District

1  Court becomes final and enforceable ten days after judgment is entered. Fed. R. Civ. P. 62(a);
2  Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc., 259 F.3d 1186,
3  1197 (9th Cir. 2001). At that time, a prevailing plaintiff is entitled to execute upon a judgment.
4  Id. Pending appeal, however, the judgment is only enforceable in the district in which it was
5  rendered, unless the judgment is "registered" in another district by court order. 28 U.S.C. §
6  1963. The registration process is set forth in 28 U.S.C. § 1963, which provides in relevant
7  part:

> A judgment in an action for the recovery of money or property entered in any ... district court ... may be registered by filing a certified copy of the judgment in any other district ... when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown. ... A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.

28 U.S.C. § 1963. Under section 1963, a judgment may be registered in another district when ordered by the court for good cause, even before the time for appeal expires. "Good cause" is satisfied where it is shown that the party against whom judgment was entered has assets in some other district and insufficient assets in the rendering district to satisfy the judgment. Columbia Pictures Television, Inc., 259 F.3d at 1197-98.

Here, Plaintiff's application for registration of judgment alleges that a third party in Denver, Colorado, owes $14,000 to Defendant Scott Hunt, the judgment debtor. The Court concludes that good cause exists to allow immediate registration of the judgment. Accordingly, the Court grants Plaintiff's *ex parte* application for immediate registration of amended judgment. Plaintiff must take all the necessary steps to effectuate the registration.

**IT IS SO ORDERED.**

DATED: December 30, 2011

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT